THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

2003 JAN 31 P 4:56

FILED
U.S. DISTRICT COURT
GREENSBORO, NC

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
and )
)
ENVIRONMENTAL DEFENSE, ET AL., )
)
Plaintiff-Intervenors, )
)
v. ) Civil Action No. 1:00 CV 1262
)
DUKE ENERGY CORPORATION )
)
Defendant. )
_____)

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE APPLICABLE LEGAL TEST FOR
"ROUTINE MAINTENANCE," DEFENDANT'S DEFENSES OF "FAIR NOTICE"
AND "ROUTINE MAINTENANCE," CALCULATION OF EMISSIONS,
AND DEFENDANT'S "STATUTE OF LIMITATIONS" DEFENSES**

## MOTION

Plaintiff United States alleges in its Complaint against defendant Duke Energy Corporation ("Duke") that Duke violated the New Source Review ("NSR") provisions of the Clean Air Act by undertaking 29 separate "modifications" at its coal-fired power plants without having first obtained a permit requiring the installation of pollution controls.[1] The NSR provisions of the Act define "modification" as "any physical change in, or change in the method of operation of, a stationary source which increases the amount of any air pollutant emitted by such source." 42 U.S.C. § 7411(a). EPA exempted from the definition of "physical change" those projects which are "routine maintenance, repair and replacement." 40 C.F.R. §§ 52.21(b)(2)(iii) (a) and 51.166(b)(2)(iii)(a). In its Answer, Duke has raised certain affirmative defenses, including that its modifications were "routine," that Defendant lacked

---

[1] For the purposes of this motion, unless otherwise noted, the acronym "NSR" refers collectively to (i) the Non-attainment NSR program under Part D of Title I of the Clean Air Act, 42 U.S.C. §§ 7501-7515, and (ii) the Prevention of Significant Deterioration of Air Quality or "PSD" program under Subchapter I, Part C, 42 U.S.C. §§ 7470 - 7479.

"fair notice" of EPA's interpretation of the routine maintenance exemption, that a significant net emissions did not occur as a result of the modifications, and that Plaintiff's claims are barred by the statute of limitations.

Pursuant to Fed.R.Civ.P. 56, the Plaintiff respectfully moves the Court to enter partial summary judgment in its favor on six different issues: 1) the proper legal interpretation of the term "routine maintenance repair and replacement;" 2) whether one of the construction projects identified in the Complaint is a "physical change" subject to the Clean Air Act and EPA's New Source Review ("NSR") and Prevention of Significant Deterioration ("PSD") regulations; 3) whether Duke has received "fair notice" of EPA's interpretation of its NSR/PSD regulations; 4) whether a determination of a "significant net emissions increase" under NSR/PSD regulations must be a projection and consider future utilization of the unit; 5) whether one of the construction projects identified in the Complaint caused a "significant net emissions increase;" and, 6) whether any of the United States' claims are time barred. A memorandum supporting the United States' motion along with exhibits is attached hereto.

In its Memorandum, Plaintiff seek partial summary judgment that one of the 29 modifications undertaken by Defendant at unit 4 of Duke's Buck Plant ("Buck 4") was a "physical change" under the Act and was not exempt as routine maintenance, repair, or replacement. Plaintiff addresses only one of Defendant's modifications for the sake of brevity - the factual circumstances surrounding the other modifications are strikingly similar to this one - and the legal issues concerning the other 28 modifications are the same legal issues Plaintiff presents to the Court in this motion. Accordingly, Plaintiff believes that should the Court rule in its favor on the legal issues presented, it likely will rule in Plaintiff's favor with respect to the other modifications.

Plaintiff also requests partial summary judgment on Defendant's Affirmative Defenses which assert that it lacked fair notice of how the routine maintenance exemption applied to, among other things, the Buck 4 modification.

2

In addition, Plaintiff requests partial summary judgment that a determination of a "significant net emissions increase" under PSD/NSR regulations requires both a prediction of future emissions and consideration of the future utilization of the unit. Plaintiff also seeks partial summary judgment that the Buck 4 modification significantly increased $SO_2$ emissions above the regulatory 40 tons per year threshold.

Lastly, Plaintiff requests partial summary judgment that the claims in the Complaint are not time barred by the statute of limitations.

A ruling on any of the issues presented in this Memorandum will greatly reduce the amount of evidence to be presented at trial.

## CONCLUSION

For the reasons set forth above and presented in Plaintiff's Supporting Memorandum and accompanying exhibits, Plaintiff requests that the Court grant it partial summary judgment.

Dated: January 31, 2003

> Respectfully submitted,
>
> FOR THE UNITED STATES
>
> THOMAS L. SANSONETTI
> Assistant Attorney General
> Environment and Natural Resources Division
> United States Department of Justice
>
> /s/ *[signature]* AUSA, NCS B 13175
> Daniel C. Beckhard
> Jason A. Dunn
> Deborah Behles
> Katherine E. Konschnik
> Environmental Enforcement Section
> U.S. Department of Justice
> P.O. Box 7611
> Washington, D.C. 20044
> (202) 616-7921

3

ANNA MILLS WAGONER
United States Attorney
Gill P. Beck
Assistant U.S. Attorney
NCSB #13175
P. O. Box 1858
Greensboro, NC 27402
(336) 333-5351

OF COUNSEL

ALAN DION
ROBERT KAPLAN
U.S. Environmental Protection Agency

4

# CERTIFICATE OF SERVICE

I certify that on this the 31st day of January, 2003, I caused a true and correct copy of the foregoing

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

to be served upon the following counsel of record in this matter via electronic mail, U.S. First Class Mail, and facsimile (where indicated):

T. Thomas Cottingham, III- Trial Attorney (via facsimile)
Nash E. Long, III
Hunton & Williams
101 South Tryon Street, Ste. 3500
Charlotte, NC 28280
Facsimile: (704) 378-4890

Mark B. Bierbower (via facsimile)
Hunton & Williams
1900 K Street, N.W.
Washington, D.C. 20006-1109
Facsimile: (202) 778-2201

Daniel W. Fouts
Adams Keemeier Hagan Hannah & Fouts PLLC
701 Green Valley Road, Ste. 100
Greensboro, NC 27408
Facsimile: (336) 273-5357

Garry S. Rice
Associate General Counsel
Duke Energy Corporation
422 South Church Street, PBO5#
Charlotte, NC 28242
Facsimile: (704) 382-8137

J. Blanding Holman
Daniel S. Hirschman
Southern Environmental Law Center
200 W. Franklin Street, Suite 300
Chapel Hill, NC 27516-2520
Facsimile: (919) 929-9421

Jeffrey M. Gleason
Southern Environmental Law Center
201 West Main Street, Suite 14

5

Charlottesville, VA 22902
Facsimile: (434) 977-148366

/s/ for Robert A. Kaplan