IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ENVIRONMENTAL DEFENSE, ) | |
| NORTH CAROLINA SIERRA CLUB, ) | |
| and ) | |
| NORTH CAROLINA PUBLIC ) | Civil Action No. 1:00 CV 1262 |
| INTEREST RESEARCH GROUP, ) | |
| ) | |
| Plaintiff-Intervenors, ) | |
| ) | |
| v. ) | |
| ) | |
| DUKE ENERGY CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT**

Defendant Duke Energy Corporation ("Duke Energy") respectfully moves the Court, pursuant to Local Rule 7.3(j), for leave to file the attached Supplemental Motion for Summary Judgment (Exhibit A hereto) and the attached Memorandum in Support of Supplemental Motion for Summary Judgment and accompanying exhibits (Exhibit B hereto). In support of this motion, and to explain the timing for this filing, Duke Energy states as follows:

1. The parties filed cross-motions for summary judgment on September 1, 2011. Both motions dealt with the merits of Plaintiffs' claims. Plaintiffs sought to have

this Court enter judgment on liability on all remaining claims. Pls. Mot. for Summ J. (Doc. No. 434). Duke Energy sought to have this court dismiss all remaining claims, for Plaintiffs' inability to carry their burden of proof that Duke Energy violated the Clean Air Act's Prevention of Significant Deterioration ("PSD") program. Duke Energy's Mot. for Summ. J. (Doc. No. 432).

2. Because of recent developments – both factual and legal – this Court need not resolve the pending summary judgment motions. These developments make clear that Plaintiffs can no longer obtain relief on any of their claims. Plaintiffs seek two forms of relief – civil penalties and injunctive relief. However:

- Recent decisions by the Third Circuit, the Seventh Circuit, the Eighth Circuit, and the Eleventh Circuit make clear that the PSD claims at issue here represent a one-time violation, not a continuing violation. *See infra* ¶ 4. Because Plaintiffs' PSD claims concerned projects that Duke Energy completed between six and 12 years before Plaintiffs filed suit, the statute of limitations bars Plaintiffs' claims for penalties.
- As of this year, Duke Energy has permanently retired most of the remaining units at issue, making Plaintiffs' corresponding claims for equitable relief moot. This deprives the Court of jurisdiction to rule on the merits of those claims.
- Even for those claims the Court finds not to have become moot, recent case law makes clear that Plaintiffs can obtain no injunctive relief. The Clean Air Act bars injunctive relief for past PSD violations, as do general principles of equity.

The timeline of these developments follows.

3. On August 5, 2011, the parties executed a joint stipulation, whereby Plaintiffs dismissed all of their PSD claims which accrued after 1994. Stip. of Dismissal of Certain Claims and Defenses (Doc. No. 418).[1] All of the remaining claims accrued more than five years before Plaintiffs filed suit in 2000. U.S. Compl., Claims 9, 11, 19, 21, 23, 33, 35, 37, 41, 43, 49, 51 & 53 (Doc. No. 1).

4. In 2003, this Court held that the PSD violations alleged were continuing violations, and thus the statute of limitations (5 years under 28 U.S.C. § 2462) did not apply. *United States v. Duke Energy Corp.*, 278 F. Supp. 2d 619, 650-52 (M.D.N.C. 2003). The developments in the case law since 2003 show that decision to be clearly erroneous. *See United States et al. v. EME Homer City Generation, L.P.*, 2013 WL 4437219 at *6 (3d Cir. Aug. 21, 2013) ("*Homer City II*") (rejecting the continuing violation doctrine for PSD claims); *United States v. Midwest Generation LLC*, 720 F.3d 644, 647 (7th Cir. 2013) (rejecting the continuing violation doctrine and applying the statute of limitations); *Sierra Club v. Otter Tail Power Co.*, 615 F.3d 1008, 1014-15 (8th Cir. 2010) (same); *National Parks Conservation Ass'n v. Tenn. Valley Auth.*, 502 F.3d 1316, 1322 (11th Cir. 207) ("*TVA*") (same). In fact, the two most recent of these decisions (by the Third Circuit and the Seventh Circuit) make it clear that Plaintiffs'

---

[1] Plaintiffs previously dismissed their operating permit claims in 2004, in order to appeal the Court's summary judgment rulings. Doc. No. 313 at 2, 5.

delay in bringing suit means that they cannot obtain either civil penalties or injunctive relief – the only two forms of relief they seek in this case.

5. At the same time that the case law concerning similar PSD claims reached a consensus (1) rejecting application of the continuing violation doctrine, (2) upholding the statute of limitations, and (3) rejecting claims for injunctive relief, Duke Energy began retiring most of the remaining units at issue in this case. Duke Energy retired Buck Units 3 and 4 and Cliffside Units 1-4 in 2011. Ex. B at 2. Duke Energy then retired Dan River 3 in 2012. *Id*. Earlier this year, Duke Energy retired Buck Unit 5 and Riverbend Units 4, 6 and 7. *Id*.

6. In addition to retiring these units, Duke Energy filed the necessary paperwork to remove them from their operating permits for Buck, Cliffside and Dan River, and will also do so for Riverbend. *Id.* at 2-3. Duke Energy has now begun the process of plant decommissioning and removing equipment. *Id*. None of the units can now operate, and all have been placed on a schedule for demolition. *Id*. This moots Plaintiffs' claims for injunctive relief with respect to these units (*i.e.*, Claims 19, 21, 23, 33, 35, 37, 41, 43, 49, 51 and 53). Because the statute of limitations bars the imposition of penalties, *supra*, this deprives the Court of subject matter jurisdiction to proceed any further on the merits of Plaintiffs' claims. *Fed. Elec. Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (holding that the Article III case or controversy requirement "subsists through all stages of federal judicial proceedings").

7. The only units at issue still operating are Allen Units 1 and 2. Claims 9 and 11 regarding these units accrued (at the latest) in 1988 and 1989, respectively. Having since made investments in these units to reduce and control their $SO_2$ and $NO_x$ emissions, Ex. B at 3 – the emissions of which Plaintiffs complain – Duke Energy presently has no intention to retire them. As the recent decisions by the Third Circuit and Seventh Circuit discussed above make clear, however, Plaintiffs cannot obtain any injunctive relief for their PSD claims.[2]

8. Duke Energy does not bring this motion for delay. In fact, addressing the issue of remedies now will promote judicial efficiency and economy. If the Court grants Duke Energy's Supplemental Motion for Summary Judgment, it would moot the pending motions for summary judgment and eliminate any need for a trial on the merits.

9. Moreover, the Court should address the mootness issues raised in Duke Energy's Supplemental Motion for Summary Judgment and determine the limits of its subject matter jurisdiction before it proceeds further. *See Warren v. Sessoms & Rogers, PA*, 676 F.3d 265, 270 (4th Cir. 2012) (noting that a federal court "must investigate the limits of [its] subject matter jurisdiction whenever that jurisdiction is 'fairly in doubt'").

For these reasons, good cause exists to grant Duke Energy leave to file the attached Supplemental Motion for Summary Judgment (Ex. A hereto) and the

---

[2] These decisions foreclose the injunctive relief sought by Plaintiffs' claims, whether or not the Court finds Plaintiffs' claims to be moot with regard to the retired units.

accompanying Memorandum in Support of Supplemental Motion for Summary Judgment (Exhibit B hereto). A proposed order is submitted herewith.

Respectfully submitted,

FOR DEFENDANT DUKE ENERGY CORPORATION:

|  |  |
|---|---|
|  | /s/ Jim W. Phillips, Jr. |
|  | Jim W. Phillips, Jr. (NC Bar # 12516) |
| OF COUNSEL: | BROOKS, PIERCE, MCLENDON, |
| Dean M. Moesser | HUMPHREY & LEONARD LLP |
| DUKE ENERGY CORPORATION | 2000 Renaissance Plaza |
| Associate General Counsel | 230 North Elm Street |
| 5555 San Felipe – Suite 1245 | Greensboro, NC 27401 |
| Houston, TX 77056 | jphillips@brookspierce.com |
| (713) 375-0688 | (336) 232-4644 |

|  |  |
|---|---|
|  | /s/ Nash E. Long |
| Garry S. Rice (NC Bar # 13674) | Nash E. Long, III (NC Bar # 24385) |
| DUKE ENERGY CORPORATION | HUNTON & WILLIAMS LLP |
| Deputy General Counsel | 101 S. Tryon Street |
| Office of General Counsel | Charlotte, NC 28280 |
| 550 South Tryon Street | (704) 378-4728 |
| Charlotte, NC 28202 | nlong@hunton.com |

|  |  |
|---|---|
|  | /s/ Mark Hopson |
|  | Mark D. Hopson |
|  | Frank R. Volpe |
|  | Samuel B. Boxerman |
|  | SIDLEY AUSTIN LLP |
|  | 1501 K Street, NW |
|  | Washington, DC 20005 |
|  | (202) 736-8000 |
|  | mhopson@sidley.com |

September 19, 2013

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served via the Court's ECF system this 19th day of September, 2013, upon all counsel of record.

/s/ Nash E. Long, III
Nash E. Long, III
