# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                                            ) | |
|         Plaintiff,                                    ) | |
|                                                            ) | |
| ENVIRONMENTAL DEFENSE,          ) | |
| NORTH CAROLINA SIERRA CLUB, and ) | |
| NORTH CAROLINA PUBLIC INTEREST ) | |
| RESEARCH GROUP                          ) | |
|                                                            ) | |
|         Plaintiff-Intervenors,                   ) | |
|                                                            ) | |
|         v.                                              ) | Civil Action No. 1:00 CV 1262 |
|                                                            ) | |
| DUKE ENERGY CORPORATION        ) | |
|                                                            ) | |
|         Defendant.                                 ) | |
|                                                            ) | |

**Plaintiffs' Response to the Court's April 4, 2014 Request for Additional Briefing on the Waiver Doctrine As Set Forth In Cases Such As**
<u>*Med. Ctr. Pharmacy v. Holder*</u>**, 634 F.3d 830 (5th Cir. 2011)**

As directed during the April 4, 2014 Status Conference, Plaintiffs submit this brief addressing whether, under cases such as *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830 (5th Cir. 2011), Duke has waived any right to revisit this Court's prior rejection of Duke's construction-only reading of the Clean Air Act's Prevention of Significant Deterioration (PSD) provisions. The concerns for finality and judicial efficiency in cases such as *Med. Ctr.* support Plaintiffs' contention that Duke cannot show the type of exceptional circumstances necessary to reopen this issue. Although this Court could reject Duke's tardy request for reasons similar to those set forth in *Med. Ctr.*, Plaintiffs believe the strongest bar is that provided by the separately applicable law of the case doctrine, and the underlying public policy that "favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided." *Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005). It is this separately applicable law of the case doctrine that governs whether a court will reconsider its *own* interlocutory opinions. *E.g., id*. at 565-56; *United States v. Duke Energy*, 218 F.R.D. 468, 474 (M.D.N.C. 2003).[1]

*Med. Ctr.* states that "an issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand." 634 F.3d at 834 (emphasis in original). This "waiver doctrine" encourages judicial efficiency by "forcing

---

[1] In addition to addressing waiver, *Med. Ctr.* also refers to a separate species of the law of the case known as the "mandate rule," which requires a district court to "obey the letter and spirit of the earlier decision of an appeals court." *Id.* at 834 n.2. As Plaintiffs explained in opposing Duke's Motion for Leave, the law of the case doctrine also applies to prior holdings of the same court, subject to exceptional circumstances such as clear error. *See* ECF 461 at 8-10.

parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals." *Id.* (quotation omitted). As the Fourth Circuit has explained in applying this doctrine, "it is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 505 (4th Cir. 1992) (quotations omitted); *see id.* ("If parties who lost on appeal were allowed to return to appellate courts to advance different, previously available theories, cases could languish for years before final resolution and already crowded court dockets would swell even more."); *Hillman v. I.R.S.*, 263 F.3d 338, 343 n.6 (4th Cir. 2001) ("Rule 28(b) requires Rule 28(a)([8]) compliance by appellees at the risk of abandonment of an argument.").[2]

This rule of waiver is prudential rather than jurisdictional, and is applied according to an appellate court's discretion. As relevant here, courts may apply the waiver rule with some degree of leniency regarding prior appellees. *United States v. Castellanos*, 608 F.3d 1010, 1019 (8th Cir. 2010); *Field v. Mans*, 157 F.3d 35, 41-42 (1st Cir. 1998); *Schering Corp. v. Il. Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir. 1996); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 740-41 (D.C.Cir.1995). Such application recognizes that appellants—rather than appellees—generally define the scope of issues to be heard on appeal. *Kessler v. Nat'l Enter., Inc.*, 203 F.3d 1058, 1059 (8th Cir. 2000). Thus, at least with respect to application of the waiver doctrine to appellees, "[m]uch

---

[2] *Hillman* referred to F.R.A.P. 28(a)(9), which was renumbered 28(a)(8) effective Dec. 1, 2013.

depends on the particular facts." *Field*, 157 F.3d at 41; *see* 18B Charles Wright, Arthur Miller & Edward Cooper, Fed. Prac. and Proc.§ 4478.6 (2d ed. 2002 & Supp. 2013) ("failure to advance arguments as appellee, whether by brief or by cross appeal, has not generated anything like the consistent responses that have met an appellant's omission of arguments on an appeal actually taken….[S]ome decisions allow renewal on remand of questions that appellee did not raise on an earlier appeal, while others bar renewal.").

Here, application of the waiver doctrine is complicated by inconsistencies in Duke's argument. The Statute of Limitations at issue is 28 U.S.C. § 2462, which limits only suits for "any fine, penalty, or forfeiture." When Duke first mustered its arguments about the application of Section 2462, it sought relief only from the United States' claims for civil penalties. Duke Br. in Supp. of Partial Judgment on Pleadings at 1, 10 n.3 (excerpt attached as Ex. 1). Though wrong, Duke sought only *partial* judgment, and left unchallenged the United States' claims for injunctive relief. Duke's focus on only penalties, and not injunctive relief, was compelled by the plain language of Section 2462 and the case law. *United States v. Duke Energy*, 278 F. Supp. 2d 619, 653 (M.D.N.C. 2003). It was also consistent with the hornbook principle that courts enjoy equitable authority to remedy past violations unless explicitly limited by Congress. Pls. Opp. to Motion for Leave (ECF 461), at 13 n.5 (providing cases).

Now, though, Duke wants leave to argue that Section 2462 precludes *all* relief in this case and thus undermines this Court's subject matter jurisdiction—even though "a limitation on the remedy that a district court may grant or the sentence it may impose

3

does not affect the court's subject matter jurisdiction." *United States v. Jones*, 78 Fed. Appx. 844, 847 (4th Cir. 2003) (Williams, J., concurring). This new assertion *does* aim for final judgment in its entirety, though in doing so it grossly overstates the holdings of the opinions on which it relies, as Plaintiffs have explained. ECF 461 at 18–20.

If, as its earlier briefing recognizes and the statute's language commands, Duke's argument concerned only Plaintiffs' claims for *penalties*, then Duke's prior failure to raise the penalties version of its statute of limitations argument as an appellee does not appear to constitute waiver for future appeal purposes. Though Duke certainly could have argued that this Court erred when it was first before the appeals court, application of Section 2462 to penalty claims would have provided no alternative grounds for affirming this Court's prior dismissal of PSD claims on the merits. Thus, it does not appear that Duke waived, for appeal purposes, its statute of limitations defense as to penalties.

The situation is more complicated with respect to Duke's new and broader statute of limitations argument. To the extent that Duke continues to insist that a ruling in its favor regarding the statute of limitations would obviate the need for a trial entirely, then its argument would have constituted an alternative grounds for seeking to affirm at least portions of the district court's final judgment during the prior appeal. *El Paso Natural Gas v. Neztsosie*, 526 U.S. 473, 479 (1999) ("an appellee may urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court.") (quotations omitted). Had Duke raised this version of its statute of limitations argument in its original 2003 briefing and first appeal, the issue

4

would have been incorporated into the mandate under which this Court now operates.[3] Though appellate courts do not require appellees to conjure every conceivable argument for affirming a judgment in appellate briefs, *Kessler*, 203 F.3d at 1059, neither can F.R.A.P. 28's command that an appellate brief present a party's arguments or risk waiver be without meaningful effect for appellees. *Hillman*, 263 F.3d at 343 n.6 ("Rule 28(b) requires Rule 28(a)([8]) compliance by appellees at the risk of abandonment of an argument."); *but see Crocker*, 49 F.3d at 741 (declining, on the facts of that case, to apply waiver rule to statute of limitations defense that could have been raised in prior appeal).[4]

In this case, unlike in *Hillman* where the Fourth Circuit remanded a case for the district court to consider a prior appellee's alternative argument in the first instance, Duke's statute of limitations argument was vetted and thoroughly rejected by this Court in a published opinion before the parties' first trip to the court of appeals. Indeed, this Court resolved the operation of the statute of limitations with respect to both civil penalties and injunctive relief. Although Duke limited *its* request for judgment to penalties, Plaintiffs moved on the issue of both penalties and injunctive relief. *See* Br. in Support of Pls. Mot. for Partial Summary Judgment at 40 (excerpt attached as Ex. 2). Duke offered no response on the question of injunctive relief, instead simply

---

[3] A lower court must follow an appellate court's mandate—both its explicit holding as well as issues resolved implicitly or by necessity. *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996) ("An appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal.").

[4] The *Crocker* court's decision to reach the statute of limitations issue was partially motivated by that court's desire to avoid unnecessarily reaching complex Constitutional questions that would have otherwise needed to be addressed. *Id.* No such considerations exist here.

5

incorporating by reference its arguments made in the penalty context. *See* Duke Br. in Opp. to Summary Judgment, at 40 (excerpt attached as Ex. 3). The Court then proceeded to rule in Plaintiffs' favor on the application of the statute of limitations to *both* penalties and injunctive relief. *Duke Energy*, 278 F. Supp. 2d at 653.

In light of these circumstances, this Court can and should find that, under the particular facts of this case, Duke's tardy request to rebrief the statute of limitations issue is too late. After specifically limiting its prior argument to penalties only, subsequently conceding that the Court's decision on penalties and injunctive relief represented the law of the case, and declining to seek to raise the issue when this Court allowed additional summary judgment briefing in 2011, Duke should not be rewarded with another bite at arguing for an even broader statute of limitations defense that it declined to present to this Court in the first instance. *See* Pls. Opp. to Motion for Leave (ECF 461), at 14. If there were an argument that the statute of limitations for *penalties* could actually bar Plaintiffs' *injunctive relief* claims, Duke can and should have raised that argument earlier. Instead, as Duke itself recognizes, it decided to wait and ask for reconsideration only after "further development of the case law." Duke Reply (ECF 464), at 2.[5] That is improper. A "party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." *Duke Energy*, 218 F.R.D. at 474.

---

[5] As Plaintiffs have explained, even Duke's "further developments" do not hold that Section 2462 applies to the United States' injunctive relief claims in cases like this. ECF 461 at 18-20.

Finally, Plaintiffs note that, like the separate law of the case doctrine, the waiver doctrine can be departed from upon a showing of clear error. *Med. Ctr.*, 634 F.3d at 836. Even if its untimely arguments are not deemed waived, Duke must still overcome the very high hurdles imposed by the separate law of the case doctrine before this court revisits its own prior holdings. The two primary holdings at issue -- that PSD preconstruction permits act as operating permits, and that the "BACT" requirement is actually an ongoing "emission limitation" – formed the basis for the denial of Duke's statute of limitations defense. As Plaintiffs have explained, Duke cannot demonstrate that these holdings are "clearly erroneous" in light of the still-standing split of authority on this issue[6] and the ongoing nature of the statutory and regulatory provisions at issue, which govern both the construction *and operation* of modified plants. *See* ECF 461 at 15-18 and 19 n.7 (discussing cases, and citing statutory and regulatory provisions that require PSD permits to act as operating permits, define BACT as a continuous emission limitation, and require modified plants to "meet" such limitations).

---

[6] At argument, Duke suggested that there is no longer a split in the Courts of Appeals, arguing that the Fifth Circuit's *Marine Shale* decision has been effectively overturned by *CleanCOALition v. TXU Power*, 536 F.3d 469 (5th Cir. 2008), and that *Nat'l Parks Conservation Assoc. v. TVA*, 480 F.3d 410 (6th Cir. 2007) (*NPCA-6*) turned on regulatory provisions unlike those at issue in North Carolina. But *NPCA-6* involved the same regulatory "shall apply" BACT requirement at issue in this case. 480 F.3d at 418. And, as another district court recently held in applying *Marine Shale* as "controlling" precedent in the Fifth Circuit, "Defendant asks too much of *CleanCOALition* [because] it does not address the continuing nature of a violation; it only states the earliest such a violation can arise." *United States v. La. Generating, LLC*, 938 F. Supp. 2d 615, 626 (M.D. La. 2011). Indeed, if the 2008 *CleanCOALition* decision had actually overturned *Marine Shale*, Duke's opening brief would have included *CleanCOALition* in its tally of existing authority.

7

DATED: April 11, 2014.

Respectfully Submitted,

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources
  Division
United States Department of Justice

*/s/ Jason A. Dunn*_____
JASON A. DUNN
JAMES A. LOFTON
ELIAS QUINN
ANNA CROSS

OF COUNSEL:

ELLEN ROUCH
Associate Regional Counsel
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

Environmental Enforcement Section
Environment and Natural Resources
  Division
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-1111
jason.dunn@usdoj.gov

SEEMA KAKADE
Attorney Advisor
Air Enforcement Division
Office of Enforcement and
    Compliance Assurance
U.S. EPA
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

LYNNE KLAUER
Assistant U.S. Attorney
NCSB # 13815
101 S. Edgeworth St., Fourth Fl.
Greensboro, NC 27401
(336) 333-5351


J. BLANDING HOLMAN, IV
N.C. Bar No. 23184
Counsel for Plaintiff-Intervenors
  Environmental Defense et al.
Southern Environmental Law Center
43 Broad Street, Suite 300
Charleston, South Carolina, 29401
(843) 720-5270

8

Case 1:00-cv-01262-WO-JEP   Document 471   Filed 04/11/14   Page 9 of 10

## CERTIFICATE OF SERVICE

      I hereby certify that on April 11, 2014, the foregoing brief was filed electronically using the Court's ECF system and automatically served through the Court's ECF system on counsel of record.

                          ***/s/ Jason A. Dunn***
                          Jason A. Dunn

9

Case 1:00-cv-01262-WO-JEP   Document 471   Filed 04/11/14   Page 10 of 10