# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>ENVIRONMENTAL DEFENSE, )<br>NORTH CAROLINA SIERRA CLUB, )<br>and )<br>NORTH CAROLINA PUBLIC )<br>INTEREST RESEARCH GROUP, )<br>)<br>Plaintiff-Intervenors, )<br>)<br>v. )<br>)<br>DUKE ENERGY CORPORATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:00 CV 1262 |

## BRIEF OF DUKE ENERGY CORP. IN SUPPORT OF
## CERTIFICATION UNDER 28 U.S.C. § 1292(b)

## BACKGROUND STATEMENT

At its October 21, 2014 status conference, the Court raised with the parties whether there were any dispositive legal issues that—either through a stipulation or otherwise—could be reviewed by the Fourth Circuit before trial. Implicit in the Court's inquiry is the recognition that a trial in this case could prove wasteful of scarce judicial resources if the Fourth Circuit ultimately concludes that plaintiffs' claims are foreclosed as a matter of law.

The issue of whether plaintiffs can obtain relief notwithstanding filing their complaint after the statute of limitations is just such a case-dispositive issue of law. And the most straightforward and efficient means to seek review of that issue is under 28 U.S.C. § 1292(b). Section 1292(b) "is designed to allow for early appeal of a legal ruling when resolution of the issues may provide more efficient disposition of the litigation." *Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir. 1981); *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 n.5 (9th Cir. 2011) (Section 1292(b) adopts a "flexible approach" to avoid "unnecessary" litigation and the "waste of judicial resources") (citing 16 Wright et al., *Federal Practice and Procedure* § 3929 (2d ed. 1987)). Certification here would place before the Fourth Circuit discrete legal issues that could either dramatically narrow or be dispositive of the case.

## QUESTION PRESENTED

Whether this Court should certify to the Fourth Circuit the following controlling issue of law: whether failure to secure a preconstruction permit where required by the

1

Prevention of Significant Deterioration provisions of the Clean Air Act constitutes a one-time violation, such that a plaintiff may not pursue claims for civil penalties and injunctive relief filed outside the five-year limitations period stated in 28 U.S.C. § 2462.

## ARGUMENT

### I. The Requirements Of Section 1292(b) Are Satisfied Here

Section 1292(b) permits a district court to certify "in writing" that an interlocutory order should be immediately appealable when "such order involves a [1] controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Once an appeal of a certified order is taken, the court of appeals has discretion to accept and decide "any issue fairly included within the certified order." *See Hamdi v. Rumsfeld*, 316 F.3d 450, 466 (4th Cir. 2003), *vacated on other grounds*, 542 U.S. 507 (2004).

Section 1292(b)'s requirements are amply satisfied here. In 2003, this Court (Bullock, J.) held PSD violations alleged by plaintiffs were continuing violations and that the statute of limitations therefore did not bar plaintiffs from seeking civil penalties or injunctive relief. *See United States v. Duke Energy Corp.*, 278 F. Supp. 2d 619, 650-53 (M.D.N.C. 2003) ("*Duke I*"). However, *Duke I*'s reasoning has been rejected by subsequent decisions by the courts of appeals. *See United States v. EME Homer City Generation, L.P.*, 727 F.3d 274 (3d Cir. 2013); *United States v. Midwest Generation, LLC*, 720 F.3d 644 (7th Cir. 2013); *Sierra Club v. Otter Tail Power Co.*, 615 F.3d 1008

2

(8th Cir. 2010); *Nat'l Parks & Conservation Ass'n v. TVA*, 502 F.3d 1316 (11th Cir. 2007). Although this Court has ruled that Judge Bullock's decision is law of the case, it also recognized that the contrary appellate court decisions are "well-reasoned" and "impress[ive]." Doc. 473 at 7, 13. The issue of plaintiffs' entitlement to relief in these circumstances is a pure question of law that can be reviewed *de novo* by the Fourth Circuit. A decision in Duke's favor, holding that plaintiffs cannot obtain any relief on their claims, would end this litigation and eliminate the need for trial.

**1.** Duke has presented "controlling questions of law": whether plaintiffs can obtain penalties or injunctive relief when their PSD claims were filed beyond the five year statute of limitations contained in 28 U.S.C. § 2462.

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom.*, 459 U.S. 1190 (1983). An issue "need not necessarily terminate an action in order to be controlling" although, naturally, "it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990); *see also Reese*, 643 F.3d at 688 ("[N]either § 1292(b)'s literal text nor controlling precedent requires that interlocutory appeal have a final, dispositive effect on the litigation …."); *N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1985) ("A growing number of courts

3

have [found] that a question may be controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court and time and expense for the litigants.") (citing 16 Wright et al., *Federal Practice and Procedure* § 3930, at 159 (1977)).

This standard is plainly met here. If the Fourth Circuit were to agree with Duke that a violation of the PSD provision of the Clean Air Act constitutes a one-time violation, then all of the plaintiffs' civil penalties claims are barred by the five year statute of limitations. All of the alleged "major modifications" occurred between 1988 and 1994, but plaintiffs did not sue until 2000. Doc. 457-3 ¶ 2. Moreover, Duke has permanently closed all but two of the generating units at issue and cannot reactivate them. Doc. 457-3 ¶¶ 3-5. Thus, plaintiffs could obtain no relief—neither civil penalties nor injunctive relief—for their claims regarding these units. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 193 (2000).

In addition, it is likely that the Fourth Circuit also will resolve the question whether plaintiffs are entitled to injunctive relief as to the two units (Allen 1 and 2) that remain in operation. The Seventh Circuit has held that once the statute of limitations has lapsed, the government cannot obtain injunctive relief for failure to secure a PSD permit. *Midwest Generation*, 720 F.3d at 647-48. "Once the statute of limitations expires, [a regulated party is] entitled to proceed as if it possessed all required construction permits." *Id.* at 648. Similarly, the Third Circuit has held that the Clean Air Act does not provide a district court with jurisdiction to issue an "injunction to remedy modifications completed

4

in the past without a PSD permit." *EME Homer City*, 727 F.3d at 295. Thus, a ruling in Duke's favor would not merely narrow the scope of the litigation, but would be *dispositive* of the litigation. *See U.S. ex rel. Wilson v. Graham Cnty. Soil & Conservation Dist.*, 367 F.3d 245 (4th Cir. 2004) (reviewing potentially dispositive statute of limitations question certified by the district court), *rev'd on other grounds*, 545 U.S. 409 (2005).

**2.** For these same reasons, interlocutory appeal meets § 1292(b)'s standard that such an appeal "*may* materially advance the ultimate termination of the litigation." *See* 16 Wright et al., *Federal Practice and Procedure* § 3930, at 505 (3d ed. 2012) (emphasis added) ("The requirement that appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling issue of law.") (citing cases). "[A]ll that section 1292(b) requires" is that "an immediate appeal *may* materially advance the ultimate termination of the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (emphasis in original). Here, as explained above, resolution of the controlling issues of law in Duke's favor will *end* this litigation.

**3.** There is at least a "substantial ground for difference of opinion" as to whether *Duke I*'s analysis of applicable statute of limitations principles is correct. This Court recognized that "four Courts of Appeals have … found that failure to obtain a PSD construction permit is a one-time violation—a conclusion contrary to the *Duke I* court's opinion." Doc. 473 at 5. This Court also noted that the contrary decisions by the courts

5

of appeal to be "well-reasoned," "impress[ive]," "straight-forward and typical, and [to] make[] intuitive sense." *Id.* at 7, 13.[1] Indeed, in *EME Homer City*, the Third Circuit explained that the courts of appeals were "unanimous" in finding that a failure to obtain a PSD construction permit under the regulatory provisions at issue here is a one-time violation, and not a continuing violation. 727 F.3d at 284.[2]

**4.** Finally, a grant of interlocutory review does not automatically stay the district court proceedings and this Court can continue to set pre-trial deadlines and otherwise manage the case during the pendency of the appeal. Further, the Court and the parties will know long before the trial date whether the appeal will go forward and, if so, the schedule for briefing that appeal.

**II. This Court Should Certify Both *Duke I* And Its September 17, 2014 Order.**

As noted, § 1292(b) requires a Court to state "in writing" why the "order" satisfies the requirements of the statute for interlocutory review. This Court can and should

---

[1] Although this Court did not directly address the plaintiffs' entitlement to equitable relief in its September 17th Order, the decisions in *EME Homer* and *Midwest Generation* establish that there are at least "substantial grounds for difference of opinion" as to whether plaintiffs can obtain injunctive relief in this case. *See EME Homer City*, 727 F.3d at 295; *Midwest Generation*, 720 F.3d at 647–48.

[2] Although the Sixth Circuit found that failure to obtain a PSD permit was a "continuing violation," Doc. 473 at 13-14, the other courts of appeals have found that decision to be "distinguishable" because it was based on a unique Tennessee rule that imposed "ongoing duties both to obtain a permit and to employ BACT," *Otter Tail*, 615 F.3d at 1017; *EME Homer City*, 727 F.3d at 290 (a "SIP's omission of any language imposing an operational duty to obtain . . . [a] PSD permit" precludes a finding of ongoing obligation or continuing violation) *Midwest Generation*, 720 F.3d at 647 ("[T]he [S]ixth [C]ircuit's decision rests on Tennessee statutes and implementation plans that require certain sources to use [BACT] ...."). Plaintiffs have never identified any similar language in the relevant North Carolina state implementation plan.

facilitate immediate appellate review of the statute of limitations issues by amending its September 17, 2014 Order and *Duke I* to provide the "written" certification that § 1292(b) requires. A form order meeting the requirements of § 1292(b) is attached hereto as Exhibit A. Certification of these two related orders is the established method of certifying an issue that a district court has addressed in an initial substantive order and then declined to revisit in a second interlocutory order. *See United States v. Eltzroth*, 124 F.3d 632, 635 (4th Cir. 1997) (granting interlocutory appeal under § 1292(b) where district court amended both initial order and reconsideration order, certifying both); *Probert v. Family Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1009 (9th Cir. 2011) ("After denying [defendant's] motion for reconsideration, the district court certified both orders for an immediate appeal …."); *AT&T Co. v. Integrated Network Corp.*, 972 F.2d 1321, 1323 (Fed. Cir. 1992) (district court denied remand motion and declined to reconsider that order, but "certified both orders for interlocutory appeal").

Neither section 1292(b) nor the Federal Rules of Civil Procedure imposes any time limitation that would preclude this Court from certifying both decisions and district courts routinely amend prior orders to provide the required certification. *See Eltzroth*, 124 F.3d at 635; *Sejman v. Warner-Lambert Co.d*, 845 F.2d 66, 68 (4th Cir. 1988); *see also* Fed. R. Civ. P. 54(b) (interlocutory orders of a district court "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

## CONCLUSION

For the foregoing reasons, this Court should certify for interlocutory appeal under 28 U.S.C. § 1292(b) its September 17, 2014 Order and *Duke I*.

Respectfully submitted,

FOR DEFENDANT DUKE ENERGY CORPORATION:

|  |  |
|---|---|
|  | /s/ Jim W. Phillips, Jr. |
|  | Jim W. Phillips, Jr. (NC Bar # 12516) |
| OF COUNSEL: | BROOKS, PIERCE, MCLENDON, |
| Dean M. Moesser | HUMPHREY & LEONARD LLP |
| DUKE ENERGY CORPORATION | 2000 Renaissance Plaza |
| Associate General Counsel | 230 North Elm Street |
| 5555 San Felipe – Suite 1245 | Greensboro, NC 27401 |
| Houston, TX 77056 | jphillips@brookspierce.com |
| (713) 375-0688 | (336) 232-4644 |
|  |  |
| Garry S. Rice (NC Bar # 13674) | /s/ Nash E. Long, III |
|  | Nash E. Long, III (NC Bar # 24385) |
| DUKE ENERGY CORPORATION | HUNTON & WILLIAMS LLP |
| Deputy General Counsel | 101 S. Tryon Street |
| Office of General Counsel | Charlotte, NC 28280 |
| 550 South Tryon Street | (704) 378-4728 |
| Charlotte, NC 28202 | nlong@hunton.com |
|  |  |
|  | /s/ Mark Hopson |
|  | Mark D. Hopson |
|  | Frank R. Volpe |
|  | Samuel B. Boxerman |
|  | SIDLEY AUSTIN LLP |
|  | 1501 K Street, NW |
|  | Washington, DC 20005 |
|  | (202) 736-8000 |
|  | mhopson@sidley.com |

October 24, 2014

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served via the Court's ECF system this 24th day of October, 2014, upon all counsel of record.

/s/ Nash E. Long, III
Nash E. Long, III